## BLUNT v. NEW AMSTERDAM CASUALTY CO.

### No. 2172.

Court of Civil Appeals of Texas. Waco.
Dec. 7, 1939.

Spears, Conger, Baskin & Spears, of San Antonio, for appellant.

Johnson & Rogers, of San Antonio, for appellee.

ALEXANDER, Justice.

This suit was brought by J. W. Blunt against the New Amsterdam Casualty Company to recover on a robbery policy issued by the defendant to the plaintiff. The plaintiff was engaged in operating a parking lot in the city of San Antonio, and the defendant insured him against loss occasioned by robbery. The policy contained a provision that "the company shall not be liable for loss or damage * * * unless books and accounts are kept by the assured and the loss can be accurately determined therefrom by the company." The jury, in answer to special issues, found that on March 5, 1938 (during the life of the policy), the plaintiff sustained a loss of money as the result of robbery to the extent of $726. The jury further found, however, in answer to special issue No. 4, that the plaintiff had not "complied with the provisions of the policy which required him to keep books and records such that the company could accurately determine therefrom the amount of loss sustained in the event of loss." Based upon the foregoing findings, the court rendered judgment for the defendant. The plaintiff appealed.

The plaintiff requested the court to submit to the jury an issue as to whether he had "substantially complied with the provisions of the insurance policy requiring him to keep such books and records that the company could accurately determine therefrom the amount of the loss sustained, if any." This issue was refused and the ruling is assigned as error. The plaintiff has not pointed out in his brief any evidence tending to show even a substantial compliance with the provisions of the policy in this respect. The record discloses that the plaintiff was engaged in operating a parking lot for hire. He kept a set of books showing the amount of money taken in each day for the parking of cars and the sale of gasoline and other services rendered by him and the amount expended each day in connection with the operation of the business, but made no record whatever of the disposition of the funds at the end of the day. The plaintiff testified that he did not keep any regular bank account but kept his money in a safety deposit box at the bank in the name of one of his employees; that he owed several creditors whom he was unable to pay and was afraid to deposit his money in the bank in the regular way for fear his creditors would garnishee his account. He had made a previous claim under the policy for a loss of approximately $600, which he claimed to have lost by reason of his pockets having been picked while he was at a theater. The company refused to pay that claim because the money had not been taken from him by force within the meaning of the policy. With reference to the claim here sued on, he testified that on Monday morning, February 28th, he caused his employee to go to the bank and withdraw for him from the lockbox an envelope which he claimed contained $790; that he kept this money in his possession throughout the week, paying therefrom various bills, some of which were not con-

nected with the parking lot business, and from time to time adding certain collections thereto; and that he had the balance thereof, $726, in his possession at the time he was robbed by two highwaymen on the following Saturday night, March 5th, at about eleven o'clock P. M., as he was entering his home. He admitted the books which he kept did not show the amount of money which he kept in his lockbox, the amount withdrawn on the occasion in question, the amount he added thereto during the week, nor the amount thereof used by him during the week in paying bills. Among other things, he said: "I made no record at all of the money I spent out of my pocket to pay those bills." From the above evidence, it is readily apparent that there was no evidence that appellant had substantially complied with the provisions of the policy in question. Consequently, the trial court did not err in refusing to submit the requested issue.

We think the argument complained of was justified by the evidence, but if not, no reversible error is shown, because the evidence conclusively shows that the plaintiff wholly failed to comply with the policy in the respect indicated, and there was therefore no question of fact to be decided by the jury.

The judgment of the trial court is affirmed.